<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF LOUIS J. PHILIPPI, JR., DECEASED | : : : : : : | Civil Action No. 06-91<br><br>**OPINION** |

**Appearances:**

    John P. Cardwell, Esquire
    Kearney & Schweitzer, P.C.
    210 White Horse Pike
    Haddon Heights, NJ 08035
        Attorney for the Estate of Louis J. Philippi, Jr.

    Charles R. Virginia, Esquire
    Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
    Trinity Centre
    111 Broadway, Suite 1403
    New York, NY 10006
        Attorney for Defendants Tile, Marble & Terrazzo Local No. 7 of N.Y. & N.J., BAC, Tile Layers Local Union 52 Pension, Insurance and Welfare, Annuity and Vacation Fund, Tile Finishers Local Union No. 77 of N.Y. & N.J. Pension, Welfare and Annuity

**RODRIGUEZ, Senior District Judge.**

This matter comes before the Court on motion of Defendants Tile, Marble &

Terrazzo Local No. 7 of N.Y. & N.J., BAC, Tile Layers Local Union 52 Pension,

Insurance and Welfare, Annuity and Vacation Fund, Tile Finishers Local Union No. 77 of

N.Y. & N.J. Pension, Welfare and Annuity (collectively referred to as "the Funds") to transfer venue [Docket No. 3] from the District of New Jersey to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).  For the reasons discussed below, the motion will be granted.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

In 2003, an action was instituted in the United States District Court for the Eastern District of New York ("Eastern District of New York") seeking unpaid benefit fund contributions and dues checkoffs from, among others, Louis J. Philippi, Jr. ("Philippi"), and his business, Atlantic Coast Tile, Inc. ("Atlantic Coast Tile").  On June 30, 2005, default judgment was entered against Philippi and Atlantic Coast Tile in the amount of $314,506.88.  Subsequently, on July 11, 2005, the Eastern District of New York granted the Funds a preliminary injunction, which required Philippi and Atlantic Coast Tile to place $140,474.64 in escrow and submit to an immediate examination of all assets to determine the existence and/or location of plan assets commingled and/or held in the corporate and/or personal assets of Philippi or Atlantic Coast Tile.  Philippi and Atlantic Coast Tile were further enjoined from disposing of, transferring or selling any and all assets, whether held individually or jointly, without the express written permission of the Funds and the court.

On August 19, 2005, Philippi died.  At that time, neither Philippi nor Atlantic Coast Tile had (1) placed any amounts into escrow; (2) submitted to examination of all

assets to determine the existence and/or location of the plan assets of the funds commingled and/or held in the corporate and/or personal assets of Philippi and Atlantic Coast Tile; or (3) remitted any payments in satisfaction of the Default Judgment entered in the Eastern District of New York.

On January 3, 2006, Philippi's estate ("Estate") filed an Order to Show Cause in the Superior Court of New Jersey, Chancery Division, Probate Part.  The Estate sought an order allowing the sale of real property known as 187 Yorktown Boulevard in Hammonton, New Jersey, without regard to its judgment, with the next proceeds to be held pursuant to the court's order.  On January 6, 2006, the Funds removed the action to this Court.  On February 2, 2006, the Funds filed a Motion to Transfer the action to the Eastern District of New York pursuant to 18 U.S.C. § 1404(a).

On April 5, 2006, the Court heard oral argument on the motions.  Pending disposition, the Court, in order to protect its own jurisdiction[1] and to memorialize the agreement of the parties, entered an Order, which directed that the three subject properties be sold forthwith to prevent the Estate from expending additional funds on carrying costs.  The Order further directed that the proceeds from said sales be deposited into the trust account of the law offices of Kearney & Schweitzer, P.C.  On May 5, 2006, the Estate

---

[1] See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) (holding that a court may issue an order to preserve the status quo to protect its ability to render judgment until such time as said court determines whether it may properly exercise jurisdiction).

went to settlement on the property located at 187 Yorktowne Boulevard, Hammonton, New Jersey, 08037.  On June 8, 2006, the Estate went to settlement on the property located at 10 Yorktowne Boulevard, Hammonton, New Jersey, 08037.

## **DISCUSSION**

A court in which an action is filed may not exercise jurisdiction when a court in a previously filed action is exercising control over the property at issue and the second court must exercise control over the same property in order to grant the relief sought.  In Princess Lida v. Thompson, trustees of a fund brought an accounting action in the Common Pleas Court of Fayette County, Pennsylvania.  305 U.S. 456, 458 (1939). Subsequently, two of the five beneficiaries of the trust brought suit in the United States District Court for the Western District of Pennsylvania, "alleging mismanagement of the trust funds and praying that the trustees be removed and all the defendants be made to account and repay the losses of the estate."  Id. at 459.  The Supreme Court of the United States held that the district court lacked subject matter jurisdiction over the subsequent action because the earlier accounting action was quasi in rem.  Id. at 465-68.  The Court reasoned that:

> . . . if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other.  We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has actually been seized . . . but applies as well where suits are

>  brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property.

Id. at 466 (internal citations omitted).  Therefore, "Princess Lida applies when (1) the litigation in both the first and second fora are in rem or quasi in rem in nature and (2) the relief sought requires that the second court exercise control over the property in dispute and such property is already in control of the first court."  Dailey v. Nat'l Hockey League, 987 F.2d 172, 176 (3d Cir. 1993) (citing Princess Lida, 305 U.S. at 466).

Moreover, application of the Princess Lida doctrine is mandatory, leaving no discretion in the district court.  In Dailey, the district court declined to apply the Princess Lida doctrine, reasoning that the first-filed court would reach a disposition sooner than the second-filed (the court under review), thereby giving it the benefit of knowing what relief had been ordered and the ability to tailor its own order of relief.  Id.  The Third Circuit reversed, holding that "[h]aving found that both requirements are met, we conclude that the district court 'must yield' its jurisdiction . . . ."  Id. at 177 (emphasis added).  The court reasoned that "Princess Lida is a 'mechanical rule' which requires that the court in which the second suit is brought yield its jurisdiction if the requisite 'property' showing is made."  Id. at 176.

Finally, an injunction entered with respect to property is considered in rem.  In United States v. Hall, the district court held a person in contempt who was neither a party nor bore any legal relationship to a party.  472 F.2d 261, 262 (11th Cir. 1972).  In

5

affirming, the Eleventh Circuit held that the court had jurisdiction to issue a contempt citation given the circumstances of the case. Id. The court reasoned that:

> A court entering a decree binding on a particular piece of property is necessarily faced with the danger that its judgment may be disrupted in the future by members of an undefinable class–those who may come into contact with the property. The in rem injunction protects the court's judgment. . . .
>
> . . . [C]ourts must have the power to issue orders similar to that issued in this case, tailored to the exigencies of the situation and directed to protecting the court's judgment.

Id. at 266.

Here, both elements of the test established by the Princess Lida doctrine are satisfied and the Court is constrained to transfer this action to the court where it was first-filed. First, the litigation in both the first and second fora are in rem. In the first action, like the in rem injunction in Hall, which the district court entered to bind a particular piece of property to protect its judgment, the injunction granted by the Eastern District of New York is in rem. The injunction, entered on July 11, 2005, directed Philippi and Atlantic Coast Tile to place $140,474.64 in escrow and submit to an immediate examination of all assets to determine the existence and/or location of the plan assets of the Funds commingled and/or held in the corporate and/or personal assets of Philippi and Atlantic Coast Tile. More importantly, the order enjoined Philippi and Atlantic Coast Tile from "disposing of, transferring, or selling any and all assets, whether held individually or jointly, without the express written permission of the Funds and the Court." See Mot. To Transfer Venue, Decl. of Charles R. Virginia, Ex. F. When the

court enjoined Philippi and Atlantic Coast Tile from disposing of or selling any assets, it took control over Philippi's and Atlantic Coast Tile's property, making the litigation in the first forum both in personam and in rem.  In addition, in the second action, the Estate seeks resolution by this Court with regard to the rights to property owned by Philippi and Atlantic Coast Tile.

Second, the relief that the Estate seeks, the sale of certain property and distribution of assets in accordance with Title 3B, Administration of Estates–Decedents and Others, of the New Jersey Statutes, requires this Court to exercise control over the same three properties that are under the control of the Eastern District of New York, by way of its July 11, 2005 injunction.  Therefore, the Princess Lida doctrine applies.  Accordingly, the Motion will be granted and the case will be transferred to the United States District Court for the Eastern District of New York.

/s/ Joseph H. Rodriguez
Joseph H. Rodriguez
United States District Judge

DATED: July 11, 2006